(No. 2414—■■■■■■)

NEIL C. CRAFTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1935.*
*Rehearing denied November 12, 1935.*

FRANK R. EAGLETON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The complaint herein alleges that some time prior to August 23, 1930 claimant was employed in the Division of State Fair, Department of Agriculture, as a teamster; that on that date while lifting a track harrow, he received a double hernia; that as a result of said accident he was unable to work from the date of injury to the date complaint was filed, i. e. June 21, 1934; that respondent had notice of said injury within thirty days thereafter and that demand for compensation was made within six months; further that wages in lieu of compensation were paid from November 15, 1930 to May 14, 1933. An award for an indefinite amount is sought in the petition but in the proof and arguments counsel asks for an allowance of at least Two Thousand Two Hundred Twenty-seven and 50/100 Dollars ($2,227.50.) As above indicated, the complaint fails to allege that notice of injury was given to the employer within fifteen days, but the proof indicates that the State in fact had notice within that time.

The material objection however to further consideration of the claim by this court appears from the fact that an operation was had by claimant in September, 1930 for relief from the hernia complained of, after which he was again given employment by the State as a watchman at a salary varying from Seventy-five Dollars ($75.00) to One Hundred Dollars ($100.00) per month until May 14, 1933 when he was laid off, and at which time he was given vacation pay until May 31, 1933. Claimant testified that a further operation became necessary in the summer of 1934 for the further relief of the double hernia with which he was suffering, but states in his complaint that all doctor and hospital bills have been paid to date and no claim for either of such items is involved herein.

*Section 24 of the Workmen's Compensation Act provides as follows:*

"In any case unless application for compensation is filed with the Industrial Commission within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file such application will be barred."

As stated by *Angerstein, Section 587* the rule has been clearly defined that where no compensation has been paid the time within which the claim must be filed dates from the injury. When compensation has been paid the time dates from

the actual date of the last payment. This period of one year is a definite limitation and where the application is not filed within that time the claim is absolutely barred.

Claimant and his counsel in some instances speak of the money that was paid to claimant following his injury in 1930 as "wages." At other times they contend such payments were made as "compensation." Regardless of whether the payments are treated as one or the other, the fact remains that his employment ceased on May 14, 1933, with a further vacation allowance to May 31, 1933. As no claim was filed herein until June 21, 1934 the record fails to warrant an award and the claim is therefore denied.

### OPINION ON REHEARING.

*Per Curiam:*

After a careful consideration of the petition for a rehearing, and the record in the above entitled case, we find nothing therein that was not carefully considered and passed on by the court in the original opinion in this cause.

The decision heretofore rendered is found to be in accordance with the law and the facts and is hereby affirmed, and the petition for rehearing is denied.